UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-420-BR

| | | |
|---|---|---|
| MARTIN WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CMH HOMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for relief from judgment. Plaintiff has not filed a response, and the time within which to do so has expired.

On 14 August 2009, plaintiff filed an action against defendant in Wake County Superior Court, alleging claims of wrongful termination in violation of North Carolina public policy, North Carolina's Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-240 *et seq.*, and 42 U.S.C. § 1981, and a claim of negligent supervision. On 28 September 2009, defendant timely removed the action to this court. On 18 December 2009, defendant filed a motion to dismiss pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. On 25 February 2010, this court granted in part defendant's motion to dismiss, dismissing plaintiff's 42 U.S.C. § 1981 claim with prejudice, declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and remanding those remaining claims to Wake County Superior Court.

By way of instant motion for relief, defendant requests that this court vacate its 25 February 2010 judgment, amend its order to retain jurisdiction over plaintiff's remaining state law claims, and rule on defendant's motion to dismiss the claims for wrongful termination in violation of the pubic policy of North Carolina and for negligent supervision. Defendant asserts this court has an independent basis of jurisdiction based on 28 U.S.C. § 1332. (Memo. Supp. Mot. Relief at 5). The

court agrees with defendant that it has original jurisdiction over this action based on diversity jurisdiction and that this action was improperly remanded.[1] The court will address the remainder of defendant's motion to dismiss.

"To state a claim for wrongful discharge in violation of public policy, an employee must identify a North Carolina public policy and plead that []he was discharged for an unlawful reason or purpose that violates the public policy." Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 n. 8 (E.D.N.C. 2008) (citation omitted); see also McDonnell v. Guilford Co. Tradewind Airlines, Inc., 670 S.E.2d 302, 305 (N.C. Ct. App.), review denied, 675 S.E.2d 657 (N.C. 2009). Plaintiff relies only upon the alleged violations of 42 U.S.C. § 1981[2] and REDA to support his claim that he was terminated in contravention of North Carolina public policy. (Resp. to Mot. Dismiss at 5.) Section 1981 is a statement of federal public policy and such policy in and of itself is not an express statement of *North Carolina's* public policy. See McDonnell, 670 S.E.2d at 306 (refusing to find a federal regulation standing alone constitutes the public policy of North Carolina). Even if it was, as set forth in the court's 25 February 2010 order, plaintiff has not stated a § 1981 claim, and thus he cannot rely on a violation of that statute to support his wrongful termination claim.[3]

Additionally, plaintiff relies on the purported violation of REDA to support his wrongful

---

[1] Because the court remanded on the ground that it declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), it was not a remand based on a lack of subject matter jurisdiction for purposes of 28 U.S.C. § 1447(c) and (d). See Carlsbad Technology, Inc. v. HIF BIO, Inc., __ U.S. __, 129 S. Ct. 1862, 1867 (2009) (when a court exercises its discretion under § 1367(c), it "is not a jurisdictional matter"). As such, the court is not precluded from reconsidering its February order. See In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996) (§ 1447(d) does not bar subsequent review of a remand order not based on lack of subject matter jurisdiction).

[2] In actuality, plaintiff cites to "§ 1987." (Pl.'s Resp. at 5.) The court presumes plaintiff means § 1981.

[3] To be sure, North Carolina has an express public policy against racially discriminatory termination, N.C. Gen. Stat. § 143-422.2. See McLean v. Patten Communities, Inc., 332 F.3d 714, 722 (4th Cir. 2003) (recognizing plaintiff states a claim for wrongful discharge under § 143-422.2 when she alleges "that her separation may have been caused because of her race"). Plaintiff does not, however, allege this public policy was violated.

2

discharge claim. REDA provides in pertinent part that

> [n]o person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to . . . :
> (1) File a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to . . . :
> a. Chapter 97 of the General Statutes[, the Workers' Compensation Act].

N.C. Gen. Stat. § 95-241(a). "[A] plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Workers' Compensation Act." Brackett v. SGL Carbon Corp., 580 S.E.2d 757, 762 (N.C. Ct. App. 2003). Plaintiff has alleged exactly that. (See Compl. ¶ 24 ("Plaintiff's Workers' Compensation injury and his exercise of his rights under the Workers' Compensation Act was a significant factor in the decision of the Defendant to fire him.").) Thus, plaintiff has stated a claim for wrongful termination in violation of public policy under REDA.

"To state a claim of negligent supervision against an employer, a plaintiff 'must prove that the incompetent employee committed a tortious act resulting in injury to [the] plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency.'" Bratcher, 545 F. Supp. 2d at 546 (citing Smith v. Privette, 495 S.E.2d 395, 398 (N.C. Ct. App. 1998)). Plaintiff claims "Defendant effectively failed to supervised [sic] Mr. Johnson[, plaintiff's manager,] and negligently left Plaintiff under his supervision and negligently allowed Mr. Johnson to continue to harass Plaintiff . . . ." (Compl. ¶ 33.) Therefore, the tortious act of which plaintiff complains is racial harassment. A violation of 42 U.S.C. § 1981 (or Title VII) is not a common law tort to support a negligent supervision claim. Jackson v. FKI Logistex, 608 F. Supp. 2d 705, 707-08 (E.D.N.C. 2009) (interpreting McLean v. Patten Communities, Inc. 332 F.3d 714 (4th Cir. 2003)).

Accordingly, the court will dismiss this claim.

For the foregoing reasons, defendant's motion is ALLOWED. The court's 25 February 2010 judgment is VACATED and its order is AMENDED to delete the direction to the clerk to remand the case. The Clerk is DIRECTED to send a copy of this order to the Clerk for Wake County Superior Court. Plaintiff's claims for wrongful termination in violation of public policy under § 1981 and for negligent supervision are DISMISSED. Plaintiff's claims for wrongful termination in violation of public policy as expressed in REDA and for wrongful termination in violation of REDA remain.

This 15 June 2010.

                                            W. Earl Britt
                                            Senior U.S. District Judge